QUESTION:
What is the validity and effect of blanket petitions filed with a board of tax adjustment for relief from ad valorem taxes when such petitions are filed by an organization such as the county farm bureau or county taxpayers association on behalf of all property owners who have not filed petitions before the board and which petitions do not refer to specific properties or taxpayers and do not contain any figures of assessed values, estimated values, or any information in support thereof?
SUMMARY:
Blanket petitions filed by organizations or an individual on behalf of all property owners who have not filed petitions with the board of tax adjustment and which petitions do not refer to specific properties or taxpayers have no validity or effect because they fail to comply with the statutory requirement of being filed by the taxpayer to whom the property is taxable.
The answer to your question is that such blanket petitions as are described in your question have no validity or effect.
The basic issue in your question is whether the board of tax adjustment may alter an individual assessment in the absence of a complaint or protest as to the propriety of such assessment filed by the person to whom such property is taxable. I have previously concluded in AGO 071-290 that this issue must be decided in the negative and that the board of tax adjustment may raise or lower particular assessments only when a petition or complaint has been filed as to such assessments, under express statutory provisions permitting complaints by the taxpayer to whom the property is taxable. I find no substantive change in statutory provisions or judicial review and, accordingly, see no reason to depart from my prior opinion. Cf., Miami Board of Realtors v. Metropolitan Dade Co., 251 So.2d 340 (3 D.C.A. Fla., 1971).
"The relevant statutory provisions are as follows:
194.011 Completion of assessment rolls. — (3) Any person objecting to the assessment placed on any property taxable to him may file a petition to oppose such assessment. . . . (Emphasis supplied.) 194.032 Hearing complaints. — (1) The board of tax adjustment shall meet on or before the thirtieth day following approval of all or any part of the assessment rolls by the department of revenue for the following purposes: (a) Hearing petitions relating to assessments filed pursuant to s. 194.011(3). * * * * * (2) The clerk . . . shall prepare a schedule of appearances before the board based on petitions timely filed with him. . . ." (Emphasis supplied.)
Rule 12B-1.127, Florida Administrative Code, states that
:. . . The function of the board of tax adjustment is primarily a review of assessments and the granting or denial of exemptions on particular pieces of property, and among individual taxpayers brought to the attention of the board by an act initiated by a taxpayer. The board's duties are in the nature of the equalization of individual assessments rather than that of a tax assessing agency. . . ." (Emphasis supplied.)
Pursuant to the statutory and administrative code language above quoted and AGO 071-290, I again conclude that the board of tax adjustment is limited to hearing only petitions filed by the taxpayer to whom the property is taxable. Therefore, the blanket petitions described in your question have no validity or effect since they were not filed by the taxpayer to whom the property is taxable. This conclusion is to be distinguished from issues involving applications by taxpayers or their agents for agricultural assessments or various exemptions. Cf., AGO 071-85.